# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**In re:**
**Robert and Elise Walker,**                        :        Chapter 7
                                                    :
                                                    :        Case No.   25-14262 (PMM)
                                                    :
                                                    :
          **Debtors.**                              :

## ORDER REGARDING REAFFIRMATION AGREEMENT

**AND NOW, WHEREAS,** Pennymac Loan Services, LLC filed a reaffirmation agreement (the "Reaffirmation Agreement"), doc. # 14, with the Debtors;

**AND**, it appearing that an attorney represented the Debtors during the course of negotiating the Reaffirmation Agreement;

**AND**, the attorney having filed a certification that the Debtors were counseled in accordance with 11 U.S.C. §524(c)(3);

**AND**, the Debtors having acknowledged in writing receipt of the disclosures described in 11 U.S.C. §524(k) at or before the time the Debtors signed the Reaffirmation Agreement;

**AND**, there being no material difference between the income and expenses disclosed by the Debtors pursuant to 11 U.S.C. §524(k)(6)(A) and the income and expenses stated on Schedules I and J;

**AND**, the Reaffirmation Agreement seeking to reaffirm a mortgage;

It is hereby **ORDERED** that:

   1. No hearing on reaffirmation is necessary.  See 11 U.S.C. §§ 524(d) & (m).

2. Court approval of the Reaffirmation Agreement is unnecessary. See 11 U.S.C. §524(c) (not conditioning enforceability of reaffirmation agreement on court approval); 11 U.S.C. §524(c)(6)(A) (requiring court approval of Reaffirmation Agreement only upon certain conditions); 11 U.S.C. §524(m)(1) (the court "shall" review presumption of undue hardship if it arises).

Dated: 12/17/25

*Patricia M. Mayer*
_____
**PATRICIA M. MAYER
U.S. BANKRUPTCY JUDGE**